Good morning, your honors. Todd Burns on behalf of Mr. Williamson. I'd like to begin by addressing the government's argument that Mr. Williamson forfeited his Rule 11 argument and that therefore, plain error applies. The litigation regarding Mr. Williamson's motion to withdraw his guilty plea stretched on over about 10 months from May 2010 to March 2011, several hearings. And in the initial filing, defense counsel argued that there was a fair and just reason to withdraw because Mr. Williamson's compromised mental state. He had a long history of schizophrenia and other mental health issues and he was taking various medications when he entered his guilty plea. At the first hearing at which the district court addressed the merits of the issue, which was in August of 2010, the court asked government counsel to see a transcript of the guilty plea hearing. Because the government had submitted a transcript along with its opposition papers and had argued essentially that the motion should be denied, in part because the guilty plea hearing complied with Rule 11. At the beginning of that first hearing, the district court reviewed the transcript and moments later concluded the transcript reflects that I asked him all that Rule 11 requires. The district court reiterated that holding a number of times throughout the hearing, throughout the proceedings, notably on November 15, 2010. And so Judge Wilson, who handled this, seemed pretty disturbed about the transcript of the hearing on whether or not you provided a fair and just reason for withdrawing and the plea. And even though his written ruling doesn't expressly say this, he seemed to express that he felt that his colloquy wasn't as thorough as it could have been, but that he felt that the counsel who represented Williamson was responsible for that because she did not bring to his attention the four different drugs that Williamson was taking. That's correct. He focused his concern on the fact that, look, I didn't know until I received the PSR that this person had all these mental health issues. If I had known that, I would have asked more of him at the Rule 11 proceeding. And so that was Judge Wilson's focus. What specific constitutional right does Mr. Williamson say that had he been advised he was possessed of, he would have not pleaded guilty? Well, I think that would go to the question of whether or not there's plain error. Can you answer my question? I think his biggest concern is that he did not understand. Can you answer my question? Yes. Which right? I believe his biggest concern is that he did not understand the nature of the charge that he was pleading guilty to. That he did not understand Pinkerton. Which constitutional right is it that the defendant understand the charge of which he has been charged? I think that's required by due process that he understand that. So it's a due process right. All right. You're saying that if he had been asked, you've heard what the prosecutor just stated as was all the rights that you were giving up. Do you acknowledge that you've heard those and do you acknowledge that you agree that you're agreeing to give those rights up? That would have been sufficient, right? I don't believe it would have been sufficient. Oh.  Rule 11 requires that the district court address the defendant personally. All right. Let's suppose the district court has laryngitis. Right. That they can't address. So he turns to the prosecutor. He says, would you kindly read this? And then in a broken voice says, counsel, Mr. Williamson, do you agree that you are giving up those rights? Pardon me for not speaking more because I've got laryngitis. Well, I think in that instance. Constitutional violation? I don't mean to sound flip, but I think in that instance the district court should continue the sentencing hearing. I think that part of why. Really? Why? Well, in Boykin v. Alabama, the Supreme Court talked about that part of the reason for this colloquy between the district court and the defendant is because that conversation, advising of the rights, the back and forth of that conversation can reveal problems such as a problem that was actually evident. Suppose that the defendant is deaf and he is being addressed in American Sign Language by a court attache. Not by the judge. Well, I think that's an error. An indirect method, right? But that would be unconstitutional. No, I don't think that would be unconstitutional. No, I don't think so either. So the only right that you're saying he wouldn't have given up had he been allocated properly was the right to understand what was being charged against him? No, I think that he was not in a clear state of mind when he entered his guilty plea. And I believe that if the judge had conducted the colloquy that was required under Rule 11, that that would have become apparent. And then he would have been required to have a competency hearing sua sponte under Dreyer? Well, I don't know if it would be a competency hearing sua sponte, but the judge in the back and forth, the defendant might have made clear that he didn't understand these things and did not, in fact, want to plead guilty. But it might have led to a competency hearing. Was there anything else about that colloquy which indicated that he didn't understand what was going on?      No. No. No. The judge, for instance, the fact was no problem that the factual basis was agreed to, and he agreed to that, right? The judge said the factual basis is in the plea agreement. And he addressed Mr. Williamson. Mr. Williamson agreed that the factual basis was correct, right? Yes. He didn't have any trouble understanding the factual basis, but he did have a trouble understanding the charge. What's the difference? I don't know if he had trouble understanding the factual basis or not. The entire colloquy amounted to ten questions asked to the defendant, and he spoke 23 words. So there isn't a great deal. And do you agree that you did the things that are contained in that section? That's the question. And do you agree that you did the things that are contained in that section? Answer, yes. Did he have trouble understanding that? I don't know. That's, as I understand your argument, and I mean, I was a district court judge. I did do the Rule 11 colloquy, and I don't know if I ever did one with you. But I was very thorough, very mindful of the independent duty of inquiry. I think even Judge Wilson understands that he should have made an independent inquiry and that more information would have come out. But what I don't see and what you don't, to me, don't adequately address in your briefs is how your client was prejudiced by this failure. Well, I guess I can only go by what he said, which is that he was not in a clear state of mind when he pled guilty. But I think another way to come at it is Judge Wilson was concerned that when he took the plea, he didn't realize that there were all these mental health issues. And he specifically said at the first hearing on May 17, 2010, I think that that satisfies a fair and just reason. We've got this issue. He's saying he didn't understand what was going on, and I didn't ask him all these questions. Right. But the problem is that particular psychotropic drugs that Williamson was taking, there was expert testimony that said that they wouldn't necessarily have affected his mind, his ability to understand. So I don't know if you have evidence in the record that would suggest that your client was prejudiced in any way. Well, they said they wouldn't necessarily affect his ability to understand. They said there was one drug, Topamax, that potentially could, but that if there was a conversation, you would notice it because the person would search for words. But there wasn't a conversation here. There were 10 questions and 23 words by the defendant. Again, that's why if the colloquy had happened as it was supposed to, maybe the difficulty would have played out. But the point I was trying to make as far as the district court finding, he found a fair and just reason to withdraw. But he incorrectly then said, well, that shifts the burden to the government now to show me that there was a voluntary, knowing, intelligent plea. But that's not the standard. Once a fair and just reason is met, then Mr. Williamson should have been allowed to withdraw his guilty plea. And at a subsequent hearing, the district court seems to come back to the correct standard and say, well, geez, this is in November 2010. He said, gee, I found a fair and just reason here. I'm concerned that I didn't inquire more as to his mental state. And then the government pushes him away from that and says, well, but we can still show you that it was knowing, intelligent, voluntary. Do you agree that the defendant escaped a possible sentence of 42 to 48 years of imprisonment because there was nothing to do with count two? Well, I guess I wouldn't put it as escaped. Well, I mean, he could have got 42 to 48 years. That's all I'm trying to figure out. And I guess the government would say he also could have gotten a number of other minimum sentences. Well, isn't it true that he also didn't get a possible sentence of 75 years with the two additional bank robberies and the 924C violations, which were eliminated? Isn't that also true? Yes, that is true. Well, and while I'm not sure I'm with you as to exactly whether the district court correctly did the Rule 11 colloquy, it seems to me this is plain error. And I was concerned, as my colleague seems to be, that nothing in there about prejudice. I've got these facts well in front of me. I know exactly what happened in this particular situation. So I'm trying to figure out what the prejudice is, even if you're right that the colloquy wasn't correct. Well, again, my position would be that the district court ruled on the Rule 11 colloquy, so that because it was ruled on, it's preserved. Where did he rule? Where did he say there was a fair and just reason in the transcript? The fair and just reason finding was at the government acknowledges it in its brief at 19. The district court found it on August 17, 2010. That's an excerpt of Record 92. The district court again found it. That's at the Pellants Supplemental Excerpt of Record at 8 on November 15, 2010. And that's the incident in which the government says, well, but even though you found that, we should be able to rebut the fair and just reason finding. But coming back to Your Honor's question as to when he ruled, he ruled in those three times that I mentioned. He ruled at that first hearing. That's at Excerpt of Record 88. He said the transcript reflects that I've told him what Rule 11 requires. That's August 17, 2010. He again ruled at the Pellants Supplemental Excerpt of Record at 10 on November 15, 2010. Again says I did what Rule 11 required. He says the same thing on March 15, 2011, at Excerpt of Record 115 to 116. He specifically goes through. Rule 11 required me to do all these things. All the things set out in Rule 11b. And I did them. But he didn't actually do them. Well, wouldn't I? I thought the question to you was where Judge Wilson acknowledged that he did not comply with Rule 11. That was the question. No, he didn't. He erred. He said. Stop. Question. Do you have a citation where Judge Wilson acknowledges that he erred by not fulfilling Rule 11? Yes or no? Not exactly. By not fulfilling, correct. Not along the lines I'm talking about. But he does say repeatedly I'm concerned that I didn't comply with Rule 11 because I didn't ask these questions about his mental health that I otherwise would have asked. And those are the cites that I provided to Judge Wilson. He was concerned with that. But my question was where I see where the government says that the district court found the defendant had met its initial burden of providing a fair and just reason. And they cite ER 92. Report is transcript 14. The excerpt of Record 92, the district court says he's found that I find a fair and just reason. But the burden shifts then to the government. And the district court says the same thing at the Pellant supplemental excerpt of Record 8. It says I found that there's a fair and just reason. Why isn't the end of it at the end of it? And the government says, well, because we can, you know, essentially says, well, we can rebut that by showing a knowing, intelligent, voluntary plea. Let me ask you a question. In front of the district court, I look for it, and I guess I need your help. I didn't see any place in there that somebody said to the district court the defendant didn't understand the nature of the offenses, the penalties, and the constitutional rights. Rather, to the district court, it seemed to me that counsel argued they failed to tell the court of the mental history and that he was taking medication. That's not in front of me, I don't think. So where did you present the issue that he failed to understand the nature of the offenses, penalties, and constitutional rights? Where was that argued to the district court? That was not argued to the district court. Isn't that what you're arguing here? And the reason I'm, yes. And the reason I'm arguing. And so isn't it then, I can't give you good help on that. I have to give deference then, or I have to say you can't even bring the appeal. Well, as I indicated in my brief, and as the Supreme Court has held, it's either if the issue is raised or ruled on. And here the district court repeatedly ruled on the validity, the propriety of its Rule 11 colloquy. Those are the sites that I provided. So, and at that point, under Rule 51A. So the fact that you don't talk to the district court, I haven't been on the district court before, the fact you don't talk to the district court about what you're now coming and talking to us about, the fact you talk to the district court about some other issue, and the district court then issues rules on that other issue, makes it such you can bring any appeal in front of me on any issue as it relates to the plea? Well, I don't mean to be defensive. You say you, I wasn't counsel. I know, I know. But I'm just trying to put everything in perspective. But the Supreme Court case law under the cases I've cited, under LeBron, under  It's clear. If the district court ruled on the issue, even if it was not the issue, but you didn't present that issue to the district court. But the district court ruled. It presented another issue. That's right. And the district court said no. Well, the district court ruled on the Rule 11 issues. Went out of its way and even said this in its order denying. Out of the abundance of caution, I've looked at the Rule 11 issue and find that I comply with Rule 11. That was error. But you didn't raise the Rule 11 issue that you're raising here there. That's correct. Counsel did not raise that specific issue. The district court dealt with it, however. How can the district court deal with the issue if it's not raised before? It's difficult. Because it chose to deal with it on its own. Okay. Going around saying the same thing. Thank you for going through the same thing. All right. Anyway, you're well over your time. Thank you, counsel. Good morning. May it please the Court. Jeff Mitchell on behalf of the United States. Mr. Mitchell, what is the standard for withdrawing a plea? It's an abuse of discretion, Your Honor. Not for review, but the standard that the district court applies. The district court has to apply if it's. A fair and just reason. Right. And what was the reason argued by the defense to Judge Wilson? In his motion to withdraw, he only had one reason. And that was because the plea was not knowing and voluntary because of his history of mental illness and the medications that he was taking. However, during the November 9th hearing, for the very first time, defense counsel adopted a second reason that was suggested to him by the district court judge, which was that Rule 11b-2 was not satisfied because the defense counsel or the government did not notify the judge that he was taking these medications so the judge's questions did not fully get into the defendant's understanding and knowledge. Did Judge Wilson apply the correct legal standard to a fair and just reason? Yes, Your Honor. Absolutely. What is this whole burden-shifting thing that he did? Well, I think what the district court was trying to indicate was that if everything that the defendant said was true, then he would have met his burden. But he, you know, did not. And he at least gave the government an opportunity to show whether or not defense allegations were true. Do you think that there's a possible collateral claim here for ineffective assistance of counsel? I believe that a 2255 will eventually come up, yes. I think that Judge Wilson was very concerned about the conduct of the original defense counsel. Yes, he was, Your Honor. Do you believe that he, that the district court adequately fulfilled its independent duty of inquiry? Yes. Based on the knowledge that he had at the time, he asked the defendant if he was taking any medications that affected his thinking. And the defendant stated that he was not. And based on the evidentiary hearing. But he added the problem with that question. And that's the question I would never have asked under Rule 11. I would ask, are you taking any medications? Name them. And then the defendant would have to name them. And then you would ask, and do you have any reason to believe that they're affecting your ability to fully understand what you're doing here in court today? Yes, Your Honor. That is another way to do it. And that would probably have raised this issue and we wouldn't be here today. However, this court has said in Geither that the district court is provided discretion in how it handles and fulfills its Rule 11 mandate. Oh, that's true. But in many, many, many cases, we have said that the district court must independently ask all of these questions that are set forth in Rule 11. Yes. And it's okay to have the prosecutor recite the facts. But then the court has to say, and do you agree with those facts? And are these things that you did? I've had many times where I wouldn't accept a guilty plea unless the defendant adequately responded to me that he actually did these particular things that were in the plea agreement. And I wouldn't just rest on the government. Well, the district court did ask the defendant and his counsel at the end of the hearing if they had any questions. But if there is a Rule 11 violation, I think it's just a question of timing such that the district court should have asked the defendant if he understood everything that the prosecutor said immediately after she said it instead of waiting until the end of the hearing to ask him if he had any questions. Well, not only understood, but he has to ask, do you understand and do you agree to give up those rights? Yes, Your Honor. He has to, you know, understand and acknowledge that he's giving up those rights. That question was never asked. That is correct, Your Honor. You know, I'm a big admirer of Judge Wilson. He was on the court when I was on the court. But I have to come to the conclusion that he did err in conducting this colloquy. What I'm hung up on is the idea of prejudice, how the defendant was prejudiced. Well, Your Honor, this Court has held in Johnson, Ross, and Maugham that if a defendant's substantial rights are not affected, then there is no plain error. Here, there is a plea agreement that addressed all of the Rule 11 warnings. And as in Johnson, Ross, and Maugham, there's no way that the defendant can show that if the judge asked him those one additional questions, if he understood and agreed to give up those rights, that he would not have agreed to. And here, as the Court has already indicated, he received a substantial benefit from his plea agreement. He cut his guideline range down from 42 to 48 years down to 25. And the government agreed not to charge additional armed bank robberies with additional 924C charges. And even when he first raised this issue of not being competent when he pled guilty, he told the judge that he did not want to withdraw his guilty plea at that time. It was only after a couple of months after he obtained a new attorney, his third, that he first raised the issue of actually withdrawing his guilty plea. Kennedy. How do you distinguish between plain error and harmless error in this context? I think it's just the burden, Your Honor. We've met, I believe under either standard, we've met the burden by showing that his substantial rights have not been affected, because all the Rule 11 warnings are laid out in the plea agreement that he, that this Court personally addressed him and asked him if he had read and understood the plea agreement, and he said that he did. All right. I don't have any questions. All right. Thank you, Your Honor. Thank you very much. Can I say one more? One minute, even though you were open. Prejudice here is that he stated a valid reason to withdraw his plea, and that motion was denied. That's the prejudice. He had a valid reason to withdraw. It should have been granted. All right. Thank you very much, counsel. The United States v. Williamson is submitted.
judges: Wardlaw, Bea, Smith